STEPHEN PETTY *v.* THE STATE.

1. CRIMINAL LAW. *Witnesses face to face.* The constitutional provision that "In all criminal prosecutions the accused hath the right to meet the witnesses face to face" has reference to witnesses in support of his prosecution, and not to witnesses in his own behalf.

Petty *v.* State.

2. SAME. *Affidavit for continuance. May[be read as a deposition, when,* Defendant, upon a motion for a continuance, presented an affidavit as to the absence of a material witness, stating what he would be able to prove by said witness. Thereupon the Attorney-General agreed that the affidavit might be read as the deposition of the witness, but the defendant refused to agree to this. The Court thereupon overruled the motion to continue, but gave the defendant an opportunity to amend his affidavit by adding any other material facts he expected to prove by the witness, and stating that the same might be read to the jury as the deposition of a credible witness. *Held:* No error.

FROM SHELBY.

Appeal in error from the Criminal Court of Shelby County. L. B. HORRIGAN, J.

YERGER & CROOKHAM for Petty.

Attorney-General LEA for the State.

TURNEY, J., delivered the opinion of the Court.

The accused was convicted of grand larceny and sentenced to five years' imprisonment in the penitentiary. On the calling of the cause, the defendant moved a continuance, and presented his affidavit of the absence of a material witness, with a recitation of the facts he expected to prove.

The Court ruled the affidavit to be sufficient, whereupon the Attorney-General proposed to agree that the affidavit might be read as the deposition of the witness, who, it was alleged, was a non-resident. The accused refused to agree to this,

but insisted upon a continuance. The Court over-ruled the motion to continue; gave permission to the defendant to amend his affidavit by the addition of any other material fact he expected to prove by the witness, and then allow it to be read as the deposition of a credible witness, announcing that he would charge the jury to consider of it as of the testimony of a credible witness. The accused still objected. A trial was had, and the Court charged as he had announced he would.

The case is before us upon the single question, had the Court the power to force a trial under the circumstances stated?

The constitutional provision that "In all criminal prosecutions, the accused hath the right to meet the witnesses face to face," has reference to witnesses in support of the prosecution, and not to witnesses on behalf of the defense. This has long been settled in this State by the statutory enactment allowing persons charged with crime to take the depositions of witnesses. That statute has been repeatedly acted upon, and held by this Court to be constitutional.

In the present case, the witness was a non-resident of the State, and not subject to its compulsory process.

When the prisoner is permitted to have the benefit of the testimony of a real or mythical witness, in language of his own, suggested and

employed by himself, and deliberately penned by his attorney, without subjection to the test of a cross-examination, we think its admission as the testimony of a credible witness is no error of which he can complain.

Affirm the judgment.