Claudie Brown DODD, Plaintiff in Error,

v.

STATE of Tennessee, Defendant in Error.

Court of Criminal Appeals of Tennessee.
April 25, 1973.

Rehearing Denied June 7, 1973.

Certiorari Denied by Supreme Court
Oct. 1, 1973.

T. Arthur Jenkins, Manchester, for plaintiff in error.

David M. Pack, Atty. Gen., Alex B. Shipley, Jr., Asst. Atty. Gen., Nashville, Charles S. Ramsey, Jr., Asst. Dist. Atty. Gen., Manchester, for defendant in error.

## OPINION

DWYER, Judge.

Claudie Brown Dodd appeals his conviction by a jury for committing the offense of burglary in the third degree with resulting punishment of confinement for not more than three years. From the judgment imposed thereon he has seasonably perfected this appeal by retained counsel.

There have been filed forty-one assignments of error which the state has categorized into six. We will treat these six assignments which are outlined as follows: (1) the evidence was insufficient to sustain the verdict; (2) the court erred in admitting into evidence the res gestae statement by the coactor of the defendant in the crime; (3) the defendant was denied a speedy trial; (4) he was tried before a biased judge; (5) the jury was allowed to separate; and (6) the court erred in charging the jury on the law concerning accomplice testimony.

The facts involved in this appeal from our review of the evidence found in the record are these.

Around 4:00 a. m. on the morning of November 23, 1961, a McMinnville police officer on patrol duty in the business district noticed an automobile parked in the vicinity of the Johnson Cadillac Automobile Agency. He placed a call for another cruiser to assist him in furthering his investigation pertaining to this car.

When the other cruiser arrived they proceeded to the back of the business house and there heard a pecking noise. They noticed the back door partially open and they then entered the building where one of them observed a form in front of the safe with a hammer and an automobile valve pecking at the tumblers on the safe. The officer then pulled the hammer back on his weapon with the party at the safe turning and the officer stating, "J. B., what in the world are you doing here?". The person at the safe (J. B. Vaughn) replied, "Well, I was just trying to get some money." The officer then commenced searching Vaughn when he stated, "Is Brown still outside?" The other officer arrived and due to tear gas that had been released in the thwarted efforts to enter the safe the officers and Vaughn went into another area of the building. At that time Vaughn asked if Brown was still outside with the officer asking, "Brown who?". Vaughn replied, "Brown Dodd." These statements are the basis for the res gestae objections and will be treated later.

The evidence further reflects that there was another automobile parked on the street alongside the automobile agency parking lot with the hood up. In that car Brown Dodd was found slumped over the wheel.

The evidence also reflects proof by the state that around 1:00 a. m. on the morning of the event Brown Dodd and J. B. Vaughn were seen together.

There was deposition proof by the defendant Dodd to the effect that the night and morning hours of the date of the event Dodd had been working on his automobile. The defendant Dodd did not testify and from cross-examination the theory was advanced that Dodd had been having car trouble, thus explaining his presence near the scene.

We think that the advanced theory of car trouble has been rejected by the verdict of the jury. We further feel that

the "spontaneous" statement of Vaughn, "Is Brown still outside?" was competent as res gestae. Although the second statement was becoming stale, it was still part of the res gestae when without prompting Vaughn advanced, "Is Brown still outside?" and the officer responded "Brown who?", with Vaughn replying "Brown Dodd". See Wakefield v. State, 175 Tenn. 111, 117, 132 S.W.2d 217; and Canady v. State, 3 Tenn.Cr.App. 337, 345, 461 S.W.2d 53. These evidentiary facts were competent for whatever weight the jury saw fit to attribute to them and from their verdict it appears conclusive. We do not think it violated the confrontation rights of Dodd as delineated by Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923, relied upon by the defendant. This evidence as narrated shows the complicity of Dodd. We think the statements were admissible and feel that whether Dodd was aiding and abetting in this offense was, under the circumstances, a question of fact for the jury which as related has been determined adversely to Dodd. See 22 C.J.S. Criminal Law § 88(2).

There is proof in this record reflecting the fact that Dodd's car would and did start, which factual determination addresses itself to the jury with their verdict reflecting a resolvement adverse to Dodd's theory. There is also proof which showed that Dodd was in the presence and company of Vaughn a couple of hours prior to the burglary. We therefore hold that his assignments numbers (1) and (2) are overruled. See McBee v. State, 213 Tenn. 15, 19, 372 S.W.2d 173.

█ The defendant next contends that he was denied a speedy trial. He reasons that using the deposition testimony of his witness was prejudicial when the witness had been present at prior settings. We find no merit in this contention. At the trial date the witness was recovering from an operation. The trial court ordered his testimony to be taken by deposition, which was agreeable to all parties. Using the microscope of Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101, and its four ad hoc balancing factors: (1) length of delay (twenty-one months in this case) which is the triggering mechanism for the other three factors; (2) reason for the delay (none shown by either the state or the defendant); (3) the assertion of his right to trial (no such assertion is reflected in this record, nor does counsel contend in his brief that any such motion was ever advanced); and (4) prejudice to the defendant (none was shown in this record other than his reasoning about the ineffectiveness of deposition testimony of the witness), a practice that has been approved in this state since 1880, see Petty v. State, 72 Tenn. 326, 328, we find as related this contention meritless. The assignment is overruled.

█ His assignment (4), claiming denial of a fair trial by a jury of his peers before an impartial judge, has been examined and found meritless. He reasons that the trial judge had made derogatory remarks about counsel in another case which support his contention that defendant was denied a fair trial. In other words, the defendant was tried before a biased judge. This record fails to support his contention that the defendant was denied due process because the trial judge was biased. We do not think the reasoning advanced by counsel is sufficient to support the assignment. See 48 C.J.S. Judges § 82, pp. 1059, 1060. The assignment is accordingly overruled.

His assignment (5), claiming that the jury was allowed to separate, is also meritless. There is no proof in this record that the jury was allowed to separate. The assignment is overruled.

His assignment (6) pertaining to the court's charging the jury on the law dealing with receiving accomplice's testimony was an abstraction and not, as we view it, prejudicial to the defendant Dodd. The assignment is overruled.

In conclusion, the defendant Dodd has made forty-one assignments of error which

are variations of the six we have treated here. However, in passing, assignments eighteen through forty-one have neither been briefed nor supported by law, contrary to Rule 15 of this court. They have been submitted with a broad conclusion that they explain themselves. We have seriatim examined assignments eighteen through forty-one and find them to be without merit. They are accordingly overruled.

The judgment of the trial court is affirmed.

WALKER, P. J., and O'BRIEN, J., concur.

## ORDER ON PETITION TO REHEAR

DWYER, Judge.

Even though we are satisfied that we have not overlooked any argument advanced by counsel in his petition to rehear, we will illuminate our reasoning for counsel on the confrontation question he now supports with Bruton v. United States, 391 U. S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476.

Here, unlike *Bruton,* we do not have a codefendant confessing guilt with equally damaging inculpation of the defendant. In this record there is found a simple res gestae statement uttered by Vaughn at the time of his arrest which the trial court found to be competent and therefore admissible. With that ruling we have agreed. Therefore the simple evidentiary res gestae statement advances a *fact,* which fact was considered by the jury with all other facts and circumstances. By their verdict they have found Dodd to be guilty of assisting in the burglary. In other words Vaughn's res gestae statement, simply put, is not a confession of complicity conclusively establishing the guilt of Dodd in this burglary.

The petition to rehear is denied.

WALKER, P. J., and O'BRIEN, J., concur.